IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HAN JING HUANG | § | |
| | § | |
| V. | § | A-12-CV-0055 LY |
| | § | |
| APRIL PARKER, NATIONWIDE | § | |
| INSURANCE COMPANY, | § | |
| GOVERNMENT OF AUSTIN, | § | |
| BELLA BEAUTIFUL COLLEGE, ASIA | § | |
| CHINESE AND VIETNAMESE | § | |
| RESTAURANT, BAMBOO GARDEN | § | |
| CHINESE RESTAURANT, AND | § | |
| CHARLIE SHEEN (AS A | § | |
| REPRESENT[ATIVE] OF SOME MOVIE | § | |
| STARS) | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Han Jing Huang's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Motion for Appointment of Counsel (Clerk's Doc. No. 2), filed on January 18, 2012. The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I. ANALYSIS

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status in the instant case. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by

standing order to review each Complaint pursuant to 28 U.S.C. §1915(e)(2). That statute reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B)   the action or appeal-
>
> (i)   is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Han Jing Huang has filed this lawsuit against Charlie Sheen (the television and movie actor), April Parker, Bella Beautiful College, Asia Chinese and Vietnamese Restaurant, Bamboo Garden Chinese Restaurant, the Government of Austin, and Nationwide Insurance Company.  Plaintiff's Complaint alleges that Defendants Charlie Sheen, April Parker and Bella Beautiful College "[d]esigned a traffic accident" that Plaintiff was allegedly involved in.  Complaint at p. 2.  In addition, Plaintiff alleges that Defendants Asia Chinese and Vietnamese Restaurant, Bamboo Garden Chinese Restaurant, the Government of Austin, and Nationwide Insurance Company "support crime" and illegally blocked his "treatment."  *Id.*  Plaintiff further alleges that "Defendants are illegal [sic] putting some items into plaintiff's body, badly affecting the health recovery of plaintiff."  *Id.*  Plaintiff further adds that the named Defendants are "just a corner of [the] snow mountain, not the whole." Plaintiff notes that several other defendants should be added to the case such as the Disney Corporation, Dreamworks, Jacky Chan, Farmers Insurance Company, Drew Barrymore, James Cameron, and Brad Pitt.  *Id.*  Plaintiff seeks over $300,000 in monetary damages and requests that the Defendants stop "putting items in plaintiff's body, especial [sic] in brain" and "[s]how the truth to the public and return peace to the public."  *Id.*

As stated above, section 1915(e)(2)(B) provides that a district court shall dismiss an *in forma pauperis* complaint, at any time, if the district court determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  Plaintiff's allegations in this case clearly fall into the "fanciful," "fantastic" and "delusional" categories. *See Flores v. United States Attorney General*, 434 Fed. App'x. 387, 388, 2011 WL 3209869 at * 1(5th

Cir. July 27, 2011) (finding that pro se plaintiff's fanciful and delusional claims should be dismissed as frivolous where plaintiff alleged that certain members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner. . . ."). The Court finds that Plaintiff's allegations are equally delusional and fanciful and should be dismissed as frivolous pursuant to § 1915(e)(2)(B). Based upon the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Appointment of Counsel (Clerk's Doc. No. 2).

## II.  RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE